The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties prior to the hearing in a Pre-Trial Agreement incorporated herein by reference, and at and following the hearing as:
STIPULATION
Following the hearing, the parties agreed to stipulate into evidence the medical records attached to the June 13, 1995 correspondence of plaintiff's counsel, but as part thereof Dr. Peters would testify to a reasonable degree of medical certainty that either the act of bending from the waist to lift two 40 pound buckets or (the act of bending from the waist) to lift weights in the weight room could cause the L5-S1 disc rupture giving rise hereto.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 21 year old married male, who since May of 1994 has been employed by Carolina Mills sweeping and oiling the premises machinery earning more than he did for defendant-employer. He is a high school graduate and a Marine Corp veteran.
2. Plaintiff was initially hired by defendant-employer on June 28, 1993 as a paddle machine operator responsible for loading and unloading fabric from large carts, but was subsequently transferred to the premises drug room where he was required to carry buckets of chemicals and dyes.
3. While still in the Marine Corp in May of 1991 plaintiff initially injured his back carrying 80 pound packs on "humps" or 20 mile hikes resulting in a two year history of intermittent low back pain, which is one of the reasons he began working out in the mornings before work at a local gym lifting weights with several co-employees.
4. On the morning of July 25, 1993 plaintiff and a couple of co-employees were again involved in working out before work at a local gym. In the process of bending from the waist to lift weights that same morning plaintiff sustained a left-sided disc rupture at the L5-S1 level of his lumbosacral spine manifested by low back and left leg pain and thereby the disabling back injury for which compensation is claimed. Although he attempted to return to work that night; plaintiff was unable to continue because of injuring his back lifting weights that morning before work, which is exactly the same thing he told his trainer, Tony Poole, when asked how his back injury occurred.
5. Plaintiff not only contends that he earlier sustained the disabling back injury giving rise hereto bending over to pick up two 40 pound buckets of chemicals, but that he immediately notified his supervisor of the same injury. Plaintiff's testimony, and other evidence, which if believed, would tend to establish that he sustained a compensable back injury bending over at the waist to pick up buckets of chemicals prior to the morning of July 25, 1993 is not accepted as credible based on his demeanor at hearing as well as a number of factual inconsistencies, including, but not limited to, plaintiff failing to immediately notify his supervisor that he had injured his back at work and instead when asked how he had injured his back by the training supervisor indicated that he had done so lifting weights with two employees before work on the morning of July 25, 1993.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The disabling back injury for which compensation is claimed did not arise out of and in the course of plaintiff's employment; but rather, was the result of his lifting weights at a local gym before work on the morning of July 25, 1993 with a couple of co-employees. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's testimony, and other evidence, which if believed, would tend to establish that plaintiff sustained a compensable back injury at the time claimed in July of 1993 is not accepted as credible, which is a determination that is within the authority of the Commission. Blalock v. Roberts Company, 12 N.C. App. 499
(1971).
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER